JUDGE LINDSAY
delivered the opinion oe the court.
The treasurer of the city of Covington has charge of the treasury and fiscal concerns of the city. It is his duty to keep a careful and correct account of all receipts and expenditures of the treasury, as the council may direct; to report at stated periods the amount of money on hand; and to “perform all such other duties appertaining to his office as the council may ordain; and for his services shall receive such a compensation or salary as may be provided by ordinance.” (Sec. 2, art. 3, City Charter, approved March 2, 1850.)
By section 2, article 5 of same act it is made the duty of the city clerk to make out and deliver to the treasurer the tax-bill of each person assessed for city taxation, taking his receipt therefor; whereupon he (the treasurer) shall give public notice that the taxes for the current year are in his hands, and that payment is required to be made on or before the 1st (now 15th) day of June thereafter, after which time there shall be added fifteen per centum to the taxes unpaid. Within five days after the 15th of June the treasurer shall indorse the tax-bills remaining in his hands “ delinquent,” and return them to the city clerk, to be delivered to the collector for collection by distraint.
On the 15th of June, 1868, the city council passed a resolution remitting the penalty of fifteen per centum to all taxpayers who should pay off their tax-bills by the 1st of July, and authorizing the committee on ways and means to make proper arrangements to have the resolution carried into effect. The chairman of the committee delivered a copy of the resolution to appellee, who was then city treasurer, and who was receiving an annual salary of one thousand two hundred dollars, and directed him to continue to receive taxes without the penalty up to the 1st of July, nothing being said at the time with regard to compensation for the collections to be made within the intervening time. Between the 15th of June *306 and the 1st of July nearly thirty thousand- dollars of taxes were collected, and to recover seven and one half per centum on that amount this suit was instituted. Upon hearing, the circuit judge, to whom was submitted the law and facts, rendered judgment in favor of appellee for three hundred dollars, and the city seeks a reversal of that judgment.
If the resolution under which appellee acted in receiving taxes between the 15th of June and the 1st of July be regarded as an ordinance imposing upon him-the additional duty for which he claims compensation, still it is perfectly manifest that he ought not to recover.
The section of the charter heretofore quoted declares that “ he shall perform, all such other duties appertaining to his office as the council may ordain, and for his services shall receive such a compensation or salary as may be provided by ordinance
The collection or reception from the tax-payers of the amounts assessed against them was a duty pertaining to the office of treasurer, and the increase of such duties by no means implies that the city thereby places itself under legal obligations to increase the treasurer’s salary. For the enforcement of the moral obligation incurred by the city, if any exists, he must appeal to the city council, and not to the courts. The fact that appellee continued to receive taxes after his interview with the chairman of the ways and means committee was, in our estimation, a recognition of the right of the council to require this service at his hands. No express contract for additional compensation was made, and certainly the law will not imply one in his favor on account of his receiving the moneys due the city from the tax-payers, instead of from the tax-collector.
Conceiving that appellee failed to make out a cause of action against the city, the judgment in his favor is reversed, and the cause remanded for a new trial upon principles consistent with this opinion.